**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3716
_____

SHEILA MARIE EYAJAN,
                                        Appellant

v.

STATE OF OHIO; HONORABLE LAURA DIGIACOMO;
CITY SOLICITOR MICHAEL FRANKLIN, Esq.;
ASSISTANT CITY SOLICITOR LORI B. LAMER, Esq.;
ASHTABULA COUNTY SHERIFFS DEPARTMENT;
DEPUTY JAMES LEWIS; DEPUTY SARGENT BRIAN ROSE;
FORENSIC PSYCHIATRIC CENTER OF NORTHEAST OHIO INC;
GERALD L HEINBAUGH; DEFINA, Ashtabula City Police Officer;
MARY SPRINGER, Ashtabula Public Defender; KIM KOSKI, a/k/a Koski Camp;
BILL KAYDO; ATTORNEY RIPMA, Ashtabula Public Defender;
ASHTABULA PUBLIC DEFENDER OFFICE; ASHTABULA POLICE
DEPARTMENT; DAVID KOSKI; JILL KOSKI; JOHN KOSKI; MARY ANN
STANDY; BRYAN SCHLAICH; TYLER SCHLAICH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00161)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2022
Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: March 23, 2022)

_____

OPINION*

_____

PER CURIAM

In 2019, Sheila Eyajan, proceeding pro se and in forma pauperis, filed a lawsuit under 42 U.S.C. § 1983 against over 20 defendants in Ohio, alleging various constitutional violations arising from a criminal proceeding then pending against her in that state. For relief, she requested solely: "This criminal case should be dismissed for grounds of civil violation and malicious process." (ECF 12 at 10). The District Court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), holding that interference with state criminal proceedings would not be appropriate under the doctrine of <u>Younger</u> abstention. Eyajan timely appealed.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to abstain under <u>Younger</u>. See <u>PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.</u>, 978 F.3d 871, 882 n.11 (3d Cir. 2020).

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Eyajan also filed a motion for reconsideration, which the District Court denied after she filed her notice of appeal. Because Eyajan did not file a timely new or amended notice of appeal encompassing the order denying her motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); <u>Carrascosa v. McGuire</u>, 520 F.3d 249, 253–54 (3d Cir. 2008).

2

In her appellate brief, Eyajan has not challenged the District Court's decision to apply the Younger abstention doctrine, and on our independent review, we discern no error. See generally Younger v. Harris, 401 U.S. 37 (1971). This doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992) (quotation marks omitted). The Supreme Court has explained that "Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." See Sprint Commc'ns v. Jacobs, 571 U.S. 69, 72 (2013). Eyajan's case falls squarely within those contours. Although the Supreme Court has limited the application of Younger when there is "a showing that the charges had been brought in bad faith or with an intent to harass," ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 132 (3d Cir. 2014), Eyajan failed to make such a showing here. See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.") (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

For these reasons, we conclude that the District Court did not err in applying Younger, and we will affirm the judgment.

3